UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHARLES A. MOON, JR., <br><br> Plaintiff, <br><br> v. <br><br> TIESHA NASH, *et al.*, <br><br> Defendants. | Cause No. 3:22-CV-295-PPS-JEM |

## **OPINION AND ORDER**

Charles A. Moon, Jr. has a number of complaints about how he is being treated while in the custody of the Indiana Department of Corrections. He has filed this Section 1983 action without the assistance of a lawyer against seven defendants. [DE 23.] "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his amended complaint, Moon alleges that, on November 23, 2020, Lt. Tiesha Nash wrote him up on a false disciplinary conduct report. [DE 23 at 1.] She charged him with refusing an order in violation of IDOC offense C-347. [DE 1-1 at 2.] Moon was initially found guilty of the offense, and on December 17, 2020, Disciplinary Hearing

Board ("DHB") Officer R. Nash held a rehearing and again found him guilty. [DE 23 at 3.] (Confusingly, both the charging officer and the deciding officer have the same surname—Nash). He contends that Lt. Nash violated his due process rights because the guilty finding prevented him from completing the Recovery While Incarcerated ("RWI") program and made him ineligible to participate in a work release program. *Id.* at 1-3. Moon also claims that DHB Officer Nash violated his due process rights because he did not consider his November 30, 2020, and December 1, 2020, grievances, or his witness statements. *Id.* at 3. According to Moon, DHB Officer Nash was biased and found him guilty of offense C-347 without investigating the incident. *Id.*

As noted in the original screening order, while Moon was found guilty of offense C-347, he did not indicate that he lost credit time. [DE 18 at 2-3.] However, in the amended complaint, he clarifies that he lost the *opportunity* to earn a future award of good time credit through completing the RWI program, which would have resulted in a reduced sentence. [DE 23 at 1, 3.] But the point remains: because Moon did not lose credit time as a disciplinary sanction due to the allegedly false disciplinary charge, the due process clause does not apply. [*See* DE 1-1 at 9.] This is because the "due process clause of the [F]ourteenth [A]mendment . . . applies only to deprivations of life, liberty, and property. Otherwise states are free to act summarily." *Marion v. Radtke*, 641 F.3d 874, 875 (7th Cir. 2011). Termination from a prison job, the loss of privileges, or a transfer to a less desirable location do not trigger due process protections. *Cochran v. Buss*, 381 F.3d 637, 641 (7th Cir. 2004) (claims that inmate "lost his preferred prison living arrangement, his prison job and his eligibility for rehabilitative programs" were

2

not significant enough to trigger due process concerns). *See also DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) ("prisoners possess neither liberty nor property in their classifications and prison assignments"); *Higgason v. Farley*, 83 F.3d 807, 809–10 (7th Cir. 1995) (no liberty or property interest in educational programs). Because Moon had no right to participate in the RWI Program or a work release program, he cannot proceed on his allegations that either Lt. Nash or DHB Officer Nash violated his due process rights.

One final point: even if Moon had lost credit time, he could not pursue a Section 1983 claim that he was wrongfully charged until the guilty finding was overturned. *See Edwards v. Balisok*, 520 U.S. 641, 643 (1997) ("[A] state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would 'necessarily imply' the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated.") (construing *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)).

Moon next asserts that Lt. Nash, Cpt. Machin, and "UTM" Dennis Hood retaliated against him in violation of the First Amendment for filing grievances and exercising his procedural due process rights. [DE 23 at 4-5.] Under the First Amendment, an inmate cannot be punished for engaging in certain kinds of speech. To assert a First Amendment retaliation claim, an inmate must allege: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the

3

retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (internal quotation omitted). The third factor requires some "causal link between the activity and the unlawful retaliation." *Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020).

As to his First Amendment claim, Moon asserts that Cpt. Machin on November 17, 2020 wrote him up on multiple disciplinary conduct reports because he had filed grievances. [DE 23 at 4-5.] He also alleges Cpt. Machin and UTM Hood designated Lt. Nash to write the November 23, 2020, false disciplinary conduct report charging him with C-347, as an act of reprisal for filing grievances. *Id*. at 4. Moon filed an informal grievance on November 30, 2020, and formal grievances on November 30, 2020 and December 1, 2020. [DE 1-1 at 6-8.] Because he filed his informal and formal grievances *after* Cpt. Machin and Lt. Nash wrote their disciplinary conduct reports, he has not plausibly alleged First Amendment retaliation claims. He may not proceed against these three defendants.

Moon has also sued Warden John Galipeau and Deputy Warden Kenneth Gann in their individual and official capacities. [DE 23 at 4.] To the extent he is suing them in their individual capacities, liability under 42 U.S.C. § 1983 is based on personal responsibility, and high-ranking officials cannot be held liable for damages simply because they oversee operations at the jail or supervise other jail staff. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). There is not a whiff of information in the amended complaint to suggest that either Warden Galipeau or Deputy Warden Gann had any "personal involvement" in the

4

events underlying the amended complaint. *See Mitchell*, 895 F.3d at 498. So, any claims against Galipeau and Gann personally are non-starters.

To the extent Moon is suing Warden Galipeau and Deputy Warden Gann in their official capacities and seeks injunctive relief, his allegations pertain to events that occurred while he was housed at the Westville Correctional Center. Because Moon is now housed at the Putnamville Correctional Facility, any injunctive relief claim is moot. *Higgason*, 83 F.3d at 811 ("If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless 'he can demonstrate that he is likely to be retransferred.'" (quoting *Moore v. Thieret*, 862 F.2d 148, 150 (7th Cir. 1988)). He may not proceed against Warden Galipeau or Deputy Warden Gann.

Furthermore, Moon has sued the IDOC. However, he cannot maintain a claim for monetary damages against the IDOC itself or any of its employees in their official capacities. *See de Lima Silva v. Dept. of Corrections*, 917 F.3d 546, 565 (7th Cir. 2019) ("The Eleventh Amendment bars private litigants' suits against nonconsenting states in federal courts, with the exception of causes of action where Congress has abrogated the states' traditional immunity through its powers under the Fourteenth Amendment. This immunity extends to state agencies and state officials in their official capacities. There is no dispute that the DOC is a nonconsenting state agency, and Congress has not abrogated [Indiana's] Eleventh Amendment immunity for plaintiff's claims brought pursuant to § 1983." (internal quotation marks and citations omitted)). Moon may not proceed against the IDOC.

As a final matter, to the extent Moon is asserting state law claims against the defendants [DE 23 at 5; DE 24], they will be dismissed without prejudice, because in the absence eof a federal claim, it is prudent at this early stage of the litigation to relinquish jurisdiction over any state law claims. *See Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claim conferring original jurisdiction before trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. § 1367(c)(3)."). The court will dismiss any state law claims contained in the amended complaint without prejudice, should Moon wish to pursue them in state court. This court offers no opinion about the wisdom of pursuing this course of action or the merit of any potential claim he may have.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

**ACCORDINGLY**, the Court:

(1) **DISMISSES WITHOUT PREJUDICE** any state law claims contained in the amended complaint pursuant to 28 U.S.C. § 1367(c)(3);

(2) **DISMISSES** all other claims pursuant to 28 U.S.C. § 1915A; and

(3) **DIRECTS** the Clerk to close this case.

**SO ORDERED** on October 11, 2023.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT